FILED

08/31/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2017 Session

**STATE OF TENNESSEE v. ANTHONY M. CRAWFORD**

**Appeal from the Criminal Court for Wilson County**
**No. 13-CR-142      John D. Wootten, Jr., Judge**

_____

**No. M2015-02426-CCA-R3-CD**

_____

THOMAS T. WOODALL, P.J., concurring in results only.

I respectfully concur in results only. My concern in this case is that inadmissible polygraph testing evidence was presented at the suppression hearing. Our supreme court made it clear over five years ago that,

> Simply stated, polygraph evidence is inadmissible. *State v. Damron*, 151 S.W.3d 510, 515-16 (Tenn. 2004). This Court has repeatedly held that the results of a polygraph examination are inherently unreliable. *State v. Torres*, 82 S.W.3d 236, 252 n. 20 (Tenn. 2002); *State v. Hartman*, 42 S.W.3d 44, 61-62 (Tenn. 2001). The "lack of any indicia of reliability means it is not probative." *Hartman*, 42 S.W.3d at 60. **Furthermore, "testimony regarding a [d]efendant's willingness or refusal to submit to a polygraph examination is not admissible."** *State v. Stephenson*, 195 S.W.3d 574, 599 (Tenn. 2006)(appendix) (quoting *State v. Pierce*, 138 S.W.3d 820, 826 (Tenn. 2004).

*State v. Sexton*, 368 S.W.3d 371, 409 (Tenn. 2012) (emphasis added)

Detective Massey's testimony in the suppression hearing of Defendant's and N.S.'s willingness to take polygraph tests was not relevant, and was clearly inadmissible. *Id*. Furthermore, all other testimony concerning the polygraph tests on October 19, 2012, was inadmissible. *Id*. Dr. Montgomery's testimony concerning Defendant's polygraph testing was also inadmissible.

No reference to the polygraph testing was made in the presence of the jury during the trial. The reason for my separate concurring opinion is to point out that the prohibitions set forth in *Sexton* are not limited only to trials determining guilt. Thus, they

apply to pre-trial motions, sentencing hearings, violation of probation hearings, post-conviction hearings, and any other court proceedings. *See State v. Randall Wayne Cagle*, No. M2013-02271-CCA-R3-CD, 2014 WL 6872367 (Tenn. Crim. App. Dec. 5, 2014).

No objections to polygraph evidence were made by either party during the suppression hearing, and the trial judge obviously allowed the testimony to be presented. I am not aware of the reason(s) the parties declined to object, but do not want to imply by joining in the entire opinion that *Sexton* does not apply except to the jury trials or bench trials wherein the ultimate disposition is whether a defendant is guilty or not guilty of the charged crime(s).

I fully concur with all other portions of the majority opinion.

_____
THOMAS T. WOODALL, PRESIDING JUDGE